### TERENCE P. SMITH *vs.* THE MAYOR &c. OF THE CITY OF NEW YORK.

A "messenger to the president of the board of aldermen" in the city of New York, is not a public officer; nor are his duties of an official character; there being no statute creating such an office or defining the duties to be performed officially. Hence the appointment of a person as messenger, and subsequently providing for an increase of his salary, are not within the prohibition of section 11 of chap. 876 of the Laws of 1869.

The plaintiff was appointed messenger by the clerk of the common council. Subsequently, the common council increased his salary. *Held*, that by this action the common council recognized the right of the clerk to make the appointment; and that the board having the right to delegate the power of appointment, the court would presume, until the contrary was shown, that the clerk had been duly authorized to make the selection.

*Collins* v. *Mayor &c. of New York* (3 *Hun*, 680) distinguished.

APPEAL, by the defendants, from an order made at a Special Term, overruling a demurrer to the complaint.

On the 1st day of January, 1869, the plaintiff was appointed messenger to the president of the board of aldermen of the city of New York, by the clerk of the common council, at a salary of $1,500 per annum. On the 23d of October, 1869, the board of aldermen increased his salary to $2,500 per annum. This action was brought to recover the amount of the difference between the original and the increased salary.

*D. J. Dean*, for the appellant.

*C. Miller*, for the respondent.

*By the Court*, DAVIS, P. J. The complaint does not show that the plaintiff held a public office. On the contrary, its allegations show him to have been a mere servant of the president of the board of aldermen. He alleges that he held "the position and performed the duties of messenger to the president of the board of aldermen." The duties of that place are not official. No statute is shown creating such an office, or

defining the duties to be performed officially. In this material respect the case differs from *Collins* v. *The Mayor &c.* (3 *Hun*, 680.) In that case it was held that the plaintiff was an officer because the office of his principal was one created by law and its duties were official, and that his deputy or assistant clerk was appointed to perform some portion of the official functions of the clerk himself. But a "messenger to the president of the board of aldermen" cannot be supposed to perform the official functions of the president. He serves him in no official capacity in carrying messages and running errands, and is clothed with no power to perform any official duty of that office.

The case is not brought by the pleadings within the prohibition of section 11 of chap. 876 of the Laws of 1869.

Other facts may be shown upon the trial.

It is objected that plaintiff was appointed by the clerk of the common council, and that the clerk had no power to make such appointment.

The action of the board of common council in increasing the salary recognized the right of the clerk to make the appointment. And as the servants of the board of aldermen or of its president might be appointed by any of the officers to whom the board saw fit to commit that duty, we must presume that the clerk had been duly authorized to make the selection, until the contrary be shown.

The order below should be affirmed with costs, and with leave to the defendants to answer on payment of costs.(*a*)

Order affirmed.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.*, reported very briefly, 4 *Hun*, 644.