THE MAYOR, ETC., OF BRUNSWICK, *vs.* FAHM.

[This case was argued at the last term and the decision reserved.]

The clerk and treasurer of the city of Brunswick was imprisoned on charge of a criminal offense, and the mayor and council elected another in his stead for the balance of his term. The grand jury found the bill of indictment true against him, but he was acquitted of the crime by the traverse jury, and thereupon sued on an account for the remainder of his annual salary:

*Held*, that he cannot recover the salary ; but if wronged by anybody in the criminal charge and its consequences, he must sue for the tort.

Criminal law. Contracts. Municipal corporations. Before Judge HARRIS. Glynn Superior Court. November Adjourned Term, 1876.

Reported in the opinion.

MERSHON & SMITH, for plaintiff in error.

GOODYEAR & HARRIS, for defendant.

JACKSON, Judge.

This was an action brought by Fahm against the city of Brunswick, for balance of wages due him as clerk and treasurer for the year 1875.

Some time about the first of September, 1875, Fahm was indicted at the prosecution of the mayor for forgery, and a true bill was found against him in November, 1875. In the spring of 1876, he was acquitted of the offense, and straightway sued the city for the unpaid part of the wages for the civil or municipal year 1875. He recovered a verdict, and the city moved for a new trial, which was refused, and the city excepted.

It appears from the record that Fahm was elected to the office for the year beginning 19th January, 1875, and ending 19th January, 1876. When he was prosecuted by the mayor, he was imprisoned for some two or three weeks, and another elected in his stead to fill the office; and, in the view we all take of the case, it is unnecessary to consider and decide but one question made in the motion for a new trial, and that is, that the verdict is contrary to law.

Fahm had no right, in law, to recover in the action for his salary, because the mayor and council had the right to dispense with his services, and to elect and employ another man under the facts disclosed in the record.

If he was regularly dismissed by the council after trial, the judgment, not having been taken up by *certiorari*, concludes him, as decided in the case of *Queen vs. The City of Atlanta*, 59th *Ga.*, 318. If the mayor and council dismissed him without trial—merely as executive and not judicial officers—the facts, we think, make such a case as justified them in so dealing with him. He was put in jail under charge of a penitentiary offense; the

evidence was strong enough to induce the grand jury to find a true bill against him, and the municipal government was authorized to dispense with his services and employ another man. He was afterwards acquitted, it is true; but there was probable cause to support the act of the municipality. The city government must go on, and cannot without officers; and when one in office is thrown into prison and thereby incapacitated to discharge its duties, another must be elected, and this is what the council did.

So that Fahm cannot recover his salary. If he was maliciously prosecuted and falsely imprisoned, he has his remedy for the tort against the wrong-doers whoever they may be, and must seek redress in that way.

We reverse the judgment and direct a new trial.