THE STATE OF MISSOURI EX REL. J. W. CAMPBELL, Appellant, *v.* POLICE COMMISSIONERS ET AL., Respondents.

June 17, 1884.

1. OFFICERS — SUSPENSION FROM OFFICE. — The suspension from office of an officer by the tribunal before whom he is to be tried, pending his trial in due form upon charges a conviction of which would involve his dismissal from office, is not an arbitrary or improper exercise of authority.

2. ——— PROHIBITION — UNREASONABLE DELAY. — That the order of suspension intimates that the hearing of the charges will be postponed until a decision is reached in a mattter pending and which involves the nature and limitation of the jurisdiction of the tribunal over the officer, furnishes no ground for prohibition of the suspension or of the filling of the office pending the suspension.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

JOHN G. CHANDLER and C. F. JOY, for the appellant.

A. R. TAYLOR and J. M. GLOVER, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

This was an application to the circuit court for a writ of prohibition. The petition shows that the relator is chief of police, and the defendants constitute the board of police commissioners of the city of St. Louis. That the commissioners are authorized by law to suspend from the police force any member thereof, after trial and due hearing, and upon proper cause and charges, and not otherwise. They are further authorized by law to make rules for such trials, and for the government of the police; and, in pursuance of such authority, have made certain rules now in force, including rule 167, which is copied into the petition. That defendants Lutz and Caruth have filed with said board charges and specifications against the relator, alleging that he is guilty of language and conduct unbecoming an officer and a gentleman, and of violations of said rule 167. That the relator was present with his

counsel and witnesses at a meeting of the board ready for a hearing on said charges, when the board sat with closed doors, and in secret session ; and, without the knowledge or consent of the relator, passed resolutions providing for the taking of an appeal to the supreme court from a certain judgment of the St. Louis Court of Appeals, and for the postponing of a hearing of the said charges against the relator, until after a decision should be made by the supreme court on said appeal.   That the said charges on their face, if true, embrace matters merely of disrespect or misconduct towards the defendants Lutz and Caruth, who have a personal and direct interest in sustaining the said charges, and are therefore imcompetent to sit in judgment thereon, or in any matter directly or indirectly connected therewith, or involved therein.   That defendant Lutz has offered in the board for adoption a resolution as follows :  " *Resolved*, That pending the charges heretofore preferred against him by members of this board, John W. Campbell be suspended as chief of police, and that during such suspension, B. P. Taaffe discharge the duties of chief, and the said John W. Campbell be and he is hereby ordered to turn over all the property and effects of the police department in his possession, to said B. P. Taaffe.''   That if passed and enforced the said resolution would operate to punish the relator, and deprive him of his office without cause and without a hearing, and that, in the present condition of business in the supreme court, said appeal will not be determined until after the expiration of the relator's legal term of office ; that the relator has protested in writing to the defendants against their proposed action, and requested them to desist from the same, but without effect.   The petitioner prays for a writ of prohibition to prohibit the defendants from proceeding upon the said resolution, and the said Taaffe from accepting or discharging the duties proposed to be devolved upon him.   The defendants demurred generally to this petition, and their demurrer was sustained.

It is urged, as a sufficient ground for affirming the judgment, that prohibition does not lie against such a body as the board of police commissioners ; but only against a court or some officer or body exercising strictly judicial functions. The relator meets this by referring us to the recent case in which we sustained *certiorari* against the same board. 14 Mo. App. 297. It is not shown to us, however, that prohibition may be employed as a preventive in all cases, or wherein *certiorari* would be the remedy for a wrong done, nor have our researches enabled us to find any recognition of such a rule. There may be, on principle, many excellent reasons for that conclusion, but a comparison of authorities on the two subjects does not seem to justify it beyond a doubt. It is not necessary to pass upon the point, in this case, since, in our view, the judgment should be affirmed on other grounds. The petition shows that the defendants have, by methods which the law prescribes, acquired jurisdiction of the matter of inquiry which they are about to hear and determine. The relator charges, however, that, in their proposed resolution suspending him from office pending the trial, they virtually pronounce judgment against him, without a hearing. We do not perceive that such will be a necessary effect. The suspension of an officer, pending his trial for misconduct, so as to tie his hands for the time being, seems to be universally accepted as a fair, salutary, and often necessary incident of the situation. His retention, at such a time, of all the advantages and opportunities afforded by official position may enable and encourage him, not only to persist in the rebellious practices complained of, but also to seriously embarrass his triers in their approaches to the ends of justice. In the absence of any express limitation to the contrary, and none has been shown, we are of opinion that, in cases were guiltiness of the offence charged will involve a dismissal from office, there is, on general principles, no arbitrary or improper exercise of a supervisory authority in a suspen-

sion of the accused pending his trial in due and proper form.

The relator calls our attention to the fact that the resolution proposes a suspension far beyond a reasonable time for the duration of the trial ; that this suspension is to continue until after a decision of the supreme court, which is not likely to be rendered during the present term of the relator's office.   If it appeared on the face of the resolution that such was its object — that the reference to a supreme court proceeding was only by way of device for effectually ousting the relator without a trial — there can be no question that this would be an inexcusable act of usurpation and a conscious violation of official obligations on the part of the commissioners.   But we can not presume such an official purpose from the private personal motives alleged in the petition.   It is proper to assume that the officers are actuated by a fair sense of duty, and that they honestly desire to be enlightened by the court of last resort upon the nature and limitation of their jurisdiction over the chief of police before proceeding any further in disciplinary measures.   They can neither know nor intend that the supreme court will not with reasonable celerity determine the appeal, or will not, upon a proper application, even advance the cause on the docket.   Such at least is the present aspect of the case for which prohibition is demanded.

The accused chief is entitled to a speedy trial ; that is, to a trial without unreasonable or vexatious delay.   If at any time after the passing of the resolution objected to it should appear that the delay of trial is practically unjust and oppressive, whether it shall have become so by reason of delays in the supreme court, or from other causes, there would then be both time and occasion for the appropriate compulsory method of hastening the proceedings before the commissioners.

We find no error in the refusal of prohibition upon the case stated, and therefore affirm the judgment.   All the judges concur.