# HENRY T. SNYDER, Appellant, *v.* HARRIET S. EMERSON AS AUDITOR OF OGDEN CITY, Respondent.

Mandamus — Record on Appeal — Absence of Evidence — Presumption as to Findings — When Findings Support Judgment. Sufficient Finding When Respondent Seeks No Affirmative Relief. Immateriality of Finding — Where Supported by Other Findings. When Finding Not Outside the Issues. Finding of Ultimate Fact — Distinguished from Conclusion of Law.

1. *Mandamus — Record on Appeal — Absence of Evidence — Presumption as to Findings — When Findings Support Judgment.*

Where the record on appeal in an application for writ of mandate, contains none of the evidence adduced at the trial, it will be presumed that the evidence fully sustains the findings; and if, under the findings, petitioner is not entitled to the writ, the findings support the judgment refusing it.

2. *Sufficient Finding Where Respondent Seeks No Affirmative Relief.*

Where respondent seeks no affirmative right, any finding which defeats petitioner's right is sufficient to sustain the judgment refusing the writ.

3. *Immateriality of Finding — Where Supported by Other Findings.*

It is of no consequence whether a certain finding is a finding of ultimate fact or a conclusion of law, where there are other findings supporting the questionable finding and rendering it practically unnecessary.

4. *When Finding Not Outside the Issues.*

Where a finding is verbatim the same as new matter alleged in the answer, and deemed denied under Sec. 2996, R. S. 1898, the finding is not outside the issues.

5. *Finding of Ultimate Fact — Distinguished from Conclusion of Law.*

A finding that C. was *duly* appointed to an office is equivalent to finding that in the appointment and qualification of C. the steps required by law were followed; it is the finding of an ultimate fact, is not a conclusion of law, and does not vitiate the finding.

(Decided April 28, 1899.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Application for a writ of mandate to compel the respondent, as auditor of Ogden City, to draw a warrant in favor of petitioner for an amount claimed as salary for services as night jailor in said city. From an order denying the writ plaintiff appealed. *Affirmed.*

*E. T. Hulaniski, Esq.,* for appellant.

*E. M. Allison, Jr., Esq.,* and *William H. Smith. Esq.,* for respondent.

BASKIN, J.

In this case the petitioner made an application to the court below for a writ of mandate to compel the respondent, as Auditor of Ogden City, to draw a warrant, in favor of petitioner, for the sum of $113.69, claimed as salary due him for services as night jailor of said city, from the 22d of January, 1898, up to the 31st day of March of that year. The writ having been refused, an appeal was taken to this court. None of the evidence is set out in the record. There is no bill of exceptions, nor was there any motion for a new trial. Among others not necessary to consider, the court found the following facts:

"1. That the plaintiff herein served as night jailor of Ogden City up to and including the 26th day of January, 1898, the said plaintiff having been appointed to said office on the 15th day of December, 1894, by the then existing Board of Police and Fire Commissioners of said Ogden City.

2. That the plaintiff has been fully paid for his services as such night jailor of Ogden City up to and including the 26th day of January, 1898, and that no sum or sums of money are now due plaintiff from Ogden City for services

during the months of January, February, and March, 1898, as such night jailor.

3. That on the 19th day of January, 1898, one W. F. Critchlow was duly appointed by the Mayor of said Ogden City to the office of night jailor, and thereafter, on the same day, by and with the advice and consent of the said city council, was duly confirmed in said office. That thereafter, to wit, on the 25th day of January, 1898, he duly qualified, and upon the 27th day of January, 1898, entered upon the discharge of the duties pertaining to said office, and that he has ever since been, and now is, the acting night jailor of said Ogden City, and has performed during the same time all of the duties of, and received all of the emoluments pertaining to, said office, and that said plaintiff has not performed any of said duties since said 26th day of January, 1898.

As the evidence does not appear in the record, it will be presumed, on appeal, that there was evidence adduced at the hearing fully sustaining the findings; if, therefore, under the findings, the petitioner is not entitled to the writ, then they are sufficient to support the judgment refusing to grant the same, for it devolves upon the petitioner to make such a showing as would justify findings which would warrant the issuance of the writ. As no such findings were made, and as it does not appear that the court was asked to make such findings it must be presumed that no such showing was made.

Again, as it does not appear that any objection was made, or exceptions taken to the findings in the lower court, unless the findings affirmatively show that the petitioner is entitled to the writ, the refusal of the same was not error.

The respondent is not seeking to enforce any affirmative right against the petitioner, but is simply resisting the

claim of the latter; therefore, any finding which defeats the petitioner's right to the writ is sufficient to sustain the judgment refusing the same.

The second finding is objected to by the petitioner on the ground that the second paragraph of the same is a conclusion of law.

Hayne on New Trials, p. 727, subdivision 2 of Sec. 242 states that "it is not always easy to distinguish between conclusions of law and ultimate facts. Each case must depend, to a great extent, upon its own circumstances, and no general rule can be laid down."

In the case of *Kahn* v. *The Central Smelting Co.*, 2 Utah, 371, the complaint alleged that the plaintiff and defendant were partners in working a mine. This was denied in the answer, and the court found that there was no partnership between the parties. This finding was objected to on the ground that the finding was a conclusion of law, and that the facts going to establish or disprove the existence of the partnership should have been found. The court in sustaining the findings said: "The fact that there was a partnership is the ultimate fact alleged in the complaint. There are certain facts and conditions and circumstances set out in the complaint, from which this ultimate fact is deduced; that is, there is in the complaint much detail of mere evidenciary facts. The material issue of fact is, however, Was there a partnership? And the findings respond to this issue. This was the ultimate fact to be ascertained, and it is none the less a finding of fact because drawn as a conclusion from other facts."

This decision is supported in *Jones* v. *Clark*, 42 Cal., 180, 192.

In this case the question involved was whether a certain transaction had been ratified by the defendant, and the

court having found several facts, which, in the opinion of the court, tended to establish the fact of ratification, found as a conclusion from them that said transaction had been fully ratified. The court, in passing upon said finding, said: "This (the ratification) was the ultimate fact to be ascertained, and it is none the less a finding of fact because it is stated as a conclusion from other stated facts."

The petition alleges that there is due and owing to the petitioner from Ogden City for his salary as night jailor the sum of $113.69.

This is denied in the answer. The finding that nothing is due to the petitioner, as night jailor, for services during the months of January, February, and March, is fully justified by the findings that the petitioner has been fully paid for his services up to the 26th day of January, 1898; that another appointee at that date took possession of the office and has ever since performed the duties thereof, and that the petitioner since that date has not performed any duty as night jailor. This being so it is of no consequence, in this case, whether the portion of the finding objected to is a finding of an ultimate fact or a conclusion of law. In either event the refusal to grant the writ is justified.

The petitioner objected to the 5th finding on the ground that the finding that W. F. Critchlow was duly appointed to the office of night jailor is a conclusion of law, not supported by any fact found, and is outside of any issue made by the pleadings.

In regard to the last objection all of the matter set out in said finding is alleged verbatim in the answer. Under the code, all new matter alleged in the answer, to which a reply is not required, is to be deemed controverted by the adverse party. Sec. 2996 Rev. Stat. This finding is not outside of the issues.

In regard to the other objection, if the word duly had

been omitted from said finding, there could not have been any plausible pretext that the same is a conclusion of law. The use of that term does not vitiate the finding. It is simply a declaration that in the appointment and qualification of the said Critchlow, the steps required by law were followed. Had that term been omitted, this court would not have presumed in the absence of any evidence in the case, or showing to the contrary, that the appointment was irregular and unauthorized.

In the case of *Fontaine* v. *S. P. R. R. Co.*, 54 Cal., 650, the court said: "The defendant answered, and among other things, denied that 'at any time mentioned in the complaint it failed to make or maintain a good or sufficient fence on either or both sides of the railroad track and property, described in said complaint, *as required by law;*' and the court found 'that during the time aforesaid, the said defendant failed to make and maintain a good and sufficient fence on either or both sides of its said railroad track and property, *as required by law*, and, through the negligence of the defendant in that respect, the locomotives and cars of said defendant ran against and over the said cattle and horses of the plaintiff and killed and destroyed the same.'"

This having been objected to on the ground that it was not the finding of a fact, but a conclusion of law, the court said: "If the court had omitted the words 'as required by law' in the above finding, it would not be obnoxious to criticism even. But as the finding, with or without those words means precisely the same thing, we think that it may properly be treated as a sufficient finding of fact."

The finding that W. F. Critchlow was duly appointed as night jailor is not a conclusion of law, but a finding of an ultimate fact, which was an issue.

This court, in the case of *Pratt* v. *Board of Police and Fire Comm'rs.*, 15 Utah, 13, 14, held that "where one has been wrongfully deprived of an office by the illegal appointment of another, *mandamus* will issue to effect his restoration, even though such appointee be in possession *de facto*. It is essential, however, to entitle a relator, who has been removed, to *mandamus* for his restoration, that he be clearly entitled *de jure* to the office from which he has been removed. It is not sufficient that he show himself to be an officer *de facto*, but he must also show a clear legal right, and his failure to do so will warrant a refusal of the peremptory writ." And in support of the above, quoted the following authorities: "High, Extr. Rem., Sec. 67; *Lewis* v. *Whittle*, 77 Va., 415; *Eastman* v. *Householder*, 54 Kan., 63; Ex parte Luske, 82 Ala., 519; *Metsker* v. *Neally*, 41 Kan., 122; *State* v. *Hewett*, 3 S. D., 187; *Ham* v. *Board*, 142 Mass., 90."

The petitioner can not recover a salary or compensation unless he clearly shows that he is a *de jure* officer. Mech. on Public Officers, Sec. 867.

It is a well settled rule that the writ of *mandamus* is never granted in doubtful cases, "and the person seeking relief must show a clear legal right to have the thing sought by it done." High on Extra Remedies, Sec. 9, and cases cited; Mechem on Public Officers, Sec. 938.

There is nothing in the record from which we can determine whether the petitioner is or was at any time after the appointment of the said Critchlow *de jure* night jailor, for the reason that the act of 1894, establishing the Board of Police and Fire Commissioners, under which he claims to have been appointed and is entitled to hold the office and receive the salary thereof, does not create any such office, or authorize the appointment of any one to the same. Such an office could be created only by the city

council, in pursuance of the 4th section of said act, which is as follows:

"The Police Department of each city of 12,000 or more inhabitants shall consist of the Board hereby created, Chief of Police, a Captain of Police, and such other officers, men and employees as the City Council shall direct."

It nowhere appears and is not alleged in the petition that any ordinance creating such office existed at the time said petitioner was appointed. If any such did in fact exist, the petitioner should have alleged and proved the fact at the hearing, because courts do not take judicial cognizance of city ordinances, as they do of legislative enactments. Unless such an ordinance existed the Board of Police and Fire Commissioners had no authority to appoint the petitioner, and under such an appointment he could not be a *de jure* officer, or in fact an officer at all.

"A public office differs in material particulars from public employment, for, as said by Chief Justice Marshall, although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to perform a service without becoming an officer." Mechem on Public Officers, Sec. 2; *Smith* v. *Mayor of N. Y.*, 67 N. Y., 223; Opinion of Justices of Sup. Court, 3 Me., 482; *Norton* v. *Shelby County,* 118 U. S., 426; *Hall* v. *Wisconsin*, 103 U. S., 8; *Olmstead* v. *Mayor, etc.*, 42 N. Y., Sup. Court, 498.

It does not follow because, as found by the Court and admitted in the answer, the petitioner was appointed by the Board of Police and Fire Commissoners as night jailor, and performed services in pursuance of such appointment, and was paid a salary by the city, under an ordinance, up to the 26th day of January, 1898, that he was a *de jure*

officer, or an officer at all. Unless the office of night jailor was created by an ordinance of the city these facts would only be evidence of an employment. *Smith* v. *Mayor of N. Y.*, 67 Barb., 223; *Norton* v. *Shelby County*, 118 U. S., 426–441.

One not charged by law with the performance of public functions is not an officer, although he may be engaged in public employment. A public officer can not exist in the absence of a law creating the office and prescribing its duties. In this country, an office can not be created by user, it requires an act of the law-making power.

What the tenure and duties of said office are, if it exists at all, or whether the term of the petitioner had not expired at the time the said Critchlow was appointed, is not disclosed by the record. Under such an indefinite showing this court is unable to say that the petitioner was a *de jure* officer at the date of the appointment of Critchlow.

Under the state of the record and the findings of fact, it is clear that the court below properly refused to grant the writ.

The judgment is therefore affirmed, with costs.

BARTCH, C. J., and MINER, J., concur.