[No. 3919.   Decided January 7, 1902.]

OTTO BRINGGOLD, *Respondent,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS — SUSPENSION OF POLICE OFFICER — POWERS OF POLICE BOARD.

The suspension of a police officer by the board of police of a city, pending the establishment of charges against him, was unauthorized, where neither the city charter nor any ordinance expressly delegated the power of suspension to such board.

SAME — RULES OF POLICE BOARD.

Where a rule adopted by a board of police for the government of police officers provides that "any member of the police force may be suspended by the chief of police with the approval of the board of police pending an investigation by the board," the board has no right to assume to act alone, without the concurrence of the chief of police, in the suspension of a member of the force.

SAME — EVIDENCE — ADMISSIBILITY OF RULES.

The fact that such rule was admitted in evidence without being certified was not error, where it was shown that it was a printed rule delivered to plaintiff by defendant's police department along with other rules governing the department.

SAME — RELEVANCY UNDER PLEADINGS.

In an action by a police officer to recover salary during a period for which he was illegally suspended, testimony on his part that he at all times held himself in readiness and was willing to perform his work as a police officer was admissible under an allegation in his complaint that he was a police officer during all that time and performed all the work required of him by defendant.

Appeal from Superior Court, Spokane County.—Hon: LEANDER H. PRATHER, Judge.   Affirmed.

*F. M. Dudley,* for appellant.

*W. S. Lewis* and *W. F. Townsend,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent was a police officer of the city of Spokane, and while acting as such, on the 24th day of

March, 1899, charges of improper behavior, incompetency, and inefficiency were filed against him before the board of police of said city. On the 29th day of March thereafter said board made an order suspending him from duty as a police officer until said charges should be heard and determined; the suspension to take effect March 30, 1899. Thereafter said charges were heard and considered by said board, and on the 14th day of September, 1899, an order was made removing respondent as such police officer. Respondent demanded his salary from the city for the time between the date the suspension took effect and the date of the order of removal, payment of which was refused, and this action was brought to recover the same.

The complaint alleges that during all of said time the respondent performed all the duties and services as such police officer that were required of him by the city of Spokane, and that the unpaid salary for that time amounts to $350, for which sum judgment is demanded. A trial was had before a jury, and at the close of the evidence the respondent challenged the legal sufficiency of the evidence, and moved the court to discharge the jury, and to find, as a matter of law from the evidence, that respondent was entitled to recover. The motion was granted. The jury was discharged, and judgment entered in favor of respondent for $350, together with interest and costs. The city has appealed.

It is contended by respondent (1) that the police board had not the power to suspend and (2) that, if it had such power, it was not properly exercised. Referring to the powers of the board of police in the premises, the city charter provides as follows:

"All the officers and men upon the police force shall hold their offices during good behavior, and shall not be removed

therefrom except upon charges of improper behavior or inefficiency, which charges shall be established to the satisfaction of the board."

It will be observed that the power of removal by the board of police seems to be contemplated by the language of the charter above set forth. No reference, however, is made to the suspension of police officers. Appellant insists that the power to remove necessarily includes the power to suspend. The authorities are not harmonious upon this point. Appellant cites *State ex rel. Brison v. Lingo,* 26 Mo. 496. The charter of the city of St. Louis was there involved, and the following power was delegated to the mayor and city council in the following language:

"To regulate the election of all the elective city officers, and provide for removing from office any person holding an office created by this act or by ordinance, not otherwise provided for." Laws 1850-51, p. 160, art. 3, § 2.

The court held that the above was sufficient authority for the city to pass the ordinance providing for the suspension of an officer. Such an ordinance had been passed and by its terms conferred upon the mayor the power to suspend. This power was exercised by the mayor, and it was held that the power, being expressly conferred by the ordinance, was properly exercised. The case is therefore not directly in point here, for the reason that no express power to suspend by the board of police is included in the charter of the city of Spokane, as above stated, and no ordinance appears delegating that power to them.

The case of *Westberg v. City of Kansas,* 64 Mo. 493, is also cited. That case involved the charter of Kansas City. In the opinion is the following:

"The 7th section of the act of 1870, amending and revising the city charter of the City of Kansas (Adj. Sess. and Acts 1870, p. 333), authorizes the mayor to suspend,

and with the consent of the common council to remove, any officer not elected by the people."

It thus appears that the power to suspend was expressly conferred upon the mayor by charter, and the case is not an authority directly in point here. Still another Missouri case is cited —that of *State ex rel. Campbell v. Police Commissioners,* 16 Mo. App. 48. The relator was chief of police of the city of St. Louis, and, pending a hearing upon charges filed against him a resolution to suspend him was offered before the board of police commissioners. The action was brought to procure a writ of prohibition against the passage of the resolution. The writ was denied. The petition showed that the commissioners had determined to postpone the hearing upon the charges until after an appeal had been taken in a certain judgment of the St. Louis court of appeals, and until after the decision of the supreme court thereon. It was contended by the relator that his suspension under such circumstances was an unwarranted exercise of power, since his term of office would expire before the hearing could be had, and the result would virtually be to pass judgment upon him and deprive him of his office without a hearing. The petition, upon its face, expressly shows that the power to suspend was vested in the commissioners after a trial and hearing; and the court observed that the suspension of an officer pending his trial for misconduct so as to tie his hands for the time being is a fair, salutary, and often necessary incident of the situation. The case is, therefore, more directly in point here than the Missouri cases first discussed. We have been unable to find that the case was reviewed by the supreme court of Missouri.

The next case cited by appellant is *Mayor, etc., of Brunswick v. Fahm,* 60 Ga. 109. The clerk and treasurer of the city of Brunswick had been indicted, at the prosecu-

tion of the mayor, for forgery, and a true bill was found against him in November, 1875. The term of his official incumbency expired by limitation January 19, 1876. He was imprisoned for a time, and another elected to take his place. Upon his trial for forgery he was acquitted, and thereafter brought suit for the unpaid portion of his wages for the municipal year for which he was elected. On appeal the supreme court held that under the facts disclosed in the record the mayor and council had the right to dispense with his services, and to elect and employ another in his stead, for the reason that he had been thrown into prison, and thereby incapacitated to discharge his official duties, and the city government must go on, and cannot do so without officers. The court observed that, if he was maliciously prosecuted and falsely imprisoned, his remedy was for tort against the wrongdoers. It appears, however, that he was regularly dismissed after a trial, and, the judgment not having been taken up by certiorari, the court held that he was thereby concluded; that while it was true he was acquitted of the charge of forgery, yet there was probable cause to support the act of the municipality in dismissing him. Thus it appears that the officer in that case was not suspended at all, but was regularly removed after a trial by the mayor and city council.

The last case cited by appellant is that of *Shannon v. Portsmouth*, 54 N. H. 183. A police officer was suspended for some months, and afterwards reinstated. He brought suit for the amount of his salary during the period of his suspension, and it was held he could not recover. The court, in the opinion, stated that full power to remove was expressly conferred upon the mayor and aldermen, and held that the power to remove included the power to suspend.

The above are all the authorities cited by appellant, except the text of 2 Beach on Public Corporations, § 1311. The text is simply a statement of the case of *State ex rel. v. Police Commissioners, supra.* That case and *Mayor v. Fahm, supra,* are the only ones cited by the author. We will now examine other cases. *Gregory v. Mayor, etc., of New York,* 113 N. Y. 416 (21 N. E. 119, 3 L. R. A. 854), expressly holds that the power to remove does not necessarily include the power to suspend; that the power to suspend is in its nature very different from the power to remove, and not necessarily a minor power included in the power of expulsion. The board of excise commissioners of the city of New York had suspended the plaintiff without pay. He brought suit to recover his salary, and it was held that he was entitled to recover. The power of the commissioners to remove was conceded, but, as no express power to suspend was conferred upon them, it was held that the one did not include the other. In the course of the opinion the case of *Shannon v. Portsmouth, supra,* is criticized in the following language:

"The question has not been decided in this state, but in New Hampshire the supreme court has held that the power to remove did include the power to suspend. (*Shannon v. Portsmouth,* 54 N. H. 183). In that case it was merely stated in the opinion that it did not require any argument to show that the power to remove must include the power to suspend, and hence the learned court made use of none in deciding the question. The note to section 151 of Dillon on Municipal Corporations was cited as authority for the proposition. I think the section (151) is the same, in substance as section 247 of the third edition of that work in two volumes. I have not found anything in the text of the learned author which would furnish any reason for the decision of the New Hampshire court. In the note to section 247 some cases are referred to, and, in one of them,

it was assumed that what is called therein the minor power to suspend was included in the power to remove."

In *State ex rel. Tyrrell v. Jersey City*, 25 N. J. Law, 536, it was held that the power of the city council to expel a member did not include the power to suspend him. The court said:

"This proceeding amounts to a suspension of the relator from the exercise of his official duties, as a member of that body. It leaves his constituents unrepresented and without remedy. Expulsion creates a vacancy that can be supplied by a new election. Suspension from the duties of the office creates no vacancy; the seat is filled, but the occupant is silenced. The charter vests no such power in the council; it would be extraordinary if it did. The power is to expel, not to suspend."

The above case was cited and commented upon approvingly in *Gregory v. Mayor, supra*. Throop on Public Officers, § 404, makes the following statement upon this subject:

"But the weight of authority in this country sustains the doctrine, that the power to suspend an officer does not follow from the grant of a power to remove him, or even from general words in a statute, which may refer to something besides removal."

The author cites the cases hereinbefore discussed. It will thus be seen that there is some conflict of authority upon this subject, but the learned author above named concludes that the weight of authority is with respondent's contention here. It may be fairly concluded from the authorities that the power of removal exists primarily with the municipality itself, and that under some circumstances the power of immediate suspension, though not expressly conferred by charter, may be inherently exercised as a necessary incident to the carrying out of the expulsive power. In some instances it might become absolutely nec-

essary, in the interest of municipal government, to temporarily suspend an officer from duty until a hearing could be had, even though the time should be not more than a few days. It seems, however, that this power resides with the municipality alone, unless it is expressly delegated to some person, board, or committee. In the case at bar the power to remove was delegated by charter to the board of police, but the charter is silent as to any delegation of the power to suspend.

In *State ex rel. Graham v. Chamber of Commerce,* 20 Wis. 63, the board of directors had assumed to suspend a member. The court held that the power to suspend was reposed in the corporation, and, not having been delegated to the board of directors, they had proceeded without authority.

Our conclusion, therefore, is, in the light of what seems to be the weight of authority as discussed above, that either the power of removal or suspension may be exercised within reasonable bounds by the mayor and council, as the governing body of the municipality, so that it becomes originally the act of the municipality itself, but that neither power can be exercised by an individual or inferior board unless it is expressly conferred. The power to suspend was not expressly delegated to the board of police of the city of Spokane, either by charter or by any ordinance or resolution, which was the act of the city.

At the trial of the case at bar a certain rule of the board of police was introduced in evidence. The rule provides as follows: "Any member of the police force may be suspended by the chief of police with the approval of the board of police pending an investigation by the board." It will be seen that the rule contemplates that the chief of police shall be the first actor toward a suspension, and the

board shall simply approve his act. It seems that the suspension of respondent was made by the board without the concurrence of the chief of police. Assuming for the time being that the power to suspend had been delegated to the board along with the power to remove, yet the board, by its own rules, as an organized body, had provided that suspension should be accomplished by the act of the chief of police, with the approval of the board. This rule having been deliberately made and promulgated, the board had not the right to arbitrarily discard it, and respondent, as a member of the police force, to whom the rules governing the department had been delivered by authority of the board itself, had a right to rely upon it. The board by its rule made suspension a joint matter between itself and the chief of police, and yet assumed to act alone. In *Metsker v. Neally,* 41 Kan. 122 (21 Pac. 206, 13 Am. St. Rep. 269), the mayor had assumed to suspend a city engineer. The court held that the power was lodged in the mayor and council jointly, and, since the mayor acted alone, his act was without authority. It is argued by appellant that the power rested in the board and they had no authority to share it with another. In any event, however, they should be bound by it as a rule of procedure until the rule has been abrogated.

It is assigned as error that the rule was improperly admitted in evidence, because it was not certified. It was, however, shown that it was a printed rule delivered to respondent by the police department along with other rules governing the department. Under these circumstances, we think it was not error to admit it.

It is also assigned as error that the court permitted respondent to testify that he at all times held himself in readiness and was willing to perform his work as a police

officer, because that fact was not alleged in the complaint. It was alleged, however, that he was a police officer during all the time, and that he performed all the work required of him by the appellant. We think it was not error to admit the testimony, in view of the above allegation.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, MOUNT and ANDERS, JJ., concur.