228 So.2d 913 (1969)
Paul GONTZ, Appellant,
v.
COOPER CITY, a Municipal Corporation, Appellee.
No. 2264.
District Court of Appeal of Florida. Fourth District.
November 26, 1969.
Rehearing Denied January 5, 1970.
Howard M. Duncanson, Hollywood, for appellant.
A.J. Ryan, Jr., Dania, for appellee.
WALDEN, Judge.
Paul Gontz, a policeman, sued his employer, City of Cooper City, for wages. Judgment was entered for the City. Gontz appeals. We reverse.
The City employed Gontz as a part time policeman for wages of $30.00 per week. On October 8, 1966, the Chief of Police suspended Gontz. It was not until March 6, 1967, that the City Commission of Cooper City officially terminated Gontz's employment. During the interim Gontz presented himself for work but his presentation was refused by the Chief. During the interim the question of Gontz's status was steadily presented to the Commission with no action being taken because of the inability of the Commissioners to make a decision due to an even division of opinion. There is no evidence or suggestion that Gontz was in any way responsible for the delayed decision.
Gontz says he is entitled to wages for the whole period from suspension to termination. The City contends to the contrary. Neither offer any authority or legal support for their respective positions except for a single naked sentence gleaned from 62 C.J.S. Municipal Corporations § 528, p. 977, as follows:
"A municipal officer legally removed from office is not entitled to the compensation attached to the office after such removal."
Suffice it to say this court cannot quarrel with the pronouncement.
*914 Forging ahead, we know that a municipality derives its power by way of delegation from the state. This delegation is chiefly accomplished by Special Acts of the Legislature whereby charter powers are granted to a city. Thus, the paramount law of a municipal corporation is its charter, which resembles the constitution of a state and gives the municipality all the powers it possesses, unless other statutes are applicable to it. Clark v. North Bay Village, Fla. 1951, 54 So.2d 240. See also 17 F.L.P., Municipal Corporations, §§ 2, 5, 8 and 12.
The relevant parts of the Charter of the City are as follows:
"Section 11  Appointing Powers. The City Commission shall have the power to designate or create such offices, departments, or divisions * * * as may be necessary for the administration of the affairs of the City; to provide the duties and powers of the officers and employees of such office, department or division; provide for the appointment and fix the salary or compensation of such officers and employees.
"Section 12  All powers of the City, except as otherwise provided herein, or in the Constitution of the State of Florida, are hereby vested in the Commission.
"Section 48  Chief of Police. The Chief shall personally or by deputy perform such other duties, appropriate to his office as may be imposed upon him by law, the ordinances of the City, and by direction of the Commission and the Mayor."
In sum and application we see that the City Commission had the power to employ and we interpolate that this would encompass the power to discharge, which latter power is acknowledged by the parties. State ex rel. Ennis v. Superior Court for Spokane County, 1929, 153 Wash. 139, 279 P. 601. It had also the power to provide for the duties and powers of its officers and employees to include the Chief of Police. Critical to this appeal, though, is the fact that the City never made such provision  never set up by ordinance or otherwise a code of personnel management, with job descriptions and definitions of responsibilities. It did not authorize the Chief of Police to hire, suspend, fire or otherwise deal with the job status of his subordinates. In other words, the power delegated by the State stopped with the City Commission and it never acted to pass any power or responsibility along to its officers and employees.
In this posture it is our view that the Chief of Police was without power to suspend Gontz. Bringgold v. City of Spokane, 1902, 27 Wash. 202, 67 P. 612; State ex rel. Ennis v. Superior Court, etc., 1929, 153 Wash. 139, 279 P. 601; See also McQuillin, The Law of Municipal Corporations, 3rd Ed., § 12.233b, § 12.253a. Thus, the Chief's act of suspension was a nullity and the effective date of Gontz's discharge was March 6, 1967, the date of offical action by the City Commission. We do not question the right of the City at some later time by appropriate device to provide the Chief of Police with suspension powers as contemplated by Sections 11 and 48 of its Charter.
It is our opinion that the judgment must be reversed and the cause remanded with instructions to enter judgment in favor of Gontz for his salary for the period from October 8, 1966, to March 6, 1967.
Reversed and remanded.
McCAIN and OWEN, JJ., concur.