PER CURIAM.
The petitioner-appellant, who was terminated from his employment as a police officer for the City of Lauderhill, Broward County, Florida, by action of the respondents-appellees, has presented nine points for appellate consideration. Although we are of the opinion that except for appellant’s fifth point the other points are without merit, it is unnecessary for this court to reach or consider such other points.
The record reflects that the appellant was discharged from his duties as a police officer for violation of the Lauderhill Police Department rules of conduct which purportedly were adopted and put into effect on April 30, 1966, but which event does not appear to be supported by the record. Apart from the foregoing, the record reflects that the City Council of the City of Lauderhill passed and adopted a civil service ordinance on October 18, 1971, section 5 of which provides:
“Section 5. The Board shall, consistent with the policy set forth in Section 2 of this Ordinance, adopt, enact and amend a code of rules and regulations for each department, which code shall be approved by the City Commission. This code shall cover the regulations for the conduct and direction of the members of the City departments and shall prescribe their duties, hours of work, discipline and control. It shall further contain rules and regulations for the appointment, employment, suspension and discharge in all positions in the departments of the City, based on merit, efficiency, character and industry.”
The record conclusively shows that subsequent to the enactment of the civil service ordinance the said rules of conduct upon which appellant’s termination was predicated were never adopted or approved by the civil service board of the City of Lauderhill or the city commission as required by the above-quoted ordinance.
Inasmuch as the City Commission approval of the police department rules and regulations had not been given the force and effect of the rules and regulations were a *83 nullity. See Moon v. Smith, 138 Fla. 410, 189 So. 835 (1939). A fortiori, appellant’s discharge thereunder for violations thereof was invalid and of no force and effect. Cf. Gontz v. Cooper City, 228 So.2d 913 (Fla. 4th DCA 1970).
Accordingly, the final judgment is reversed and the cause remanded to the circuit court for the entry of an order or judgment in accordance herewith. See Metropolitan Dade County v. Klein, 229 So.2d 589 (Fla. 3d DCA 1969).
REVERSED AND REMANDED.
MAGER, C. J., CROSS, J., and WAD-DELL, TOM, Jr., Associate Judge, concur.