### J. G. Griner v. B. C. Thomas, District Judge.

#### No. 1736.    Decided October 23, 1907.

**1.—Jurisdiction of Supreme Court—Mandamus—Constitution.**

It seems that the Legislature is empowered by section 3, article 5, of the Constitution to confer original jurisdiction to issue writ of mandamus against an officer of the State government upon the Supreme Court only, and not upon the judges thereof in vacation.    (P. 38.)

**2.—Removal from Office—Temporary Suspension—Constitution.**

The restriction on the right of the district judge to remove a county officer to a cause set forth in writing and upon the finding of its truth by a jury (Const., art. 5, sec. 24) and the fixing of the term of office and provision for filling vacancies by the Commissioner's Court (Const., art. 5, secs. 15, 28) do not preclude the Legislature from authorizing the district judge, by article 2550, Revised Statutes, to suspend temporarily an officer for whose removal a petition has been presented to him, and appoint, for the time being, another to discharge the duties of the office.    (Pp. 38–41.)

**3.—Same.**

Temporary suspension from office pending investigation distinguished from removal, and the right of the court to authorize it summarily and before trial upon the facts sustained as an incident to the power to remove upon hearing and finding of the facts by a jury.    Poe v. State, 72 Texas 625, approved. (Pp. 39, 40.)

**4.—Same—Due Process of Law.**

The property right in a public office is qualified by all preexisting valid laws which provide for its suspension or termination, and suspension without notice, pending the hearing of removal proceedings so provided for, does not deprive the incumbent of his property without due process of law.    (P. 41.)

Original application to the Supreme Court by Griner for writ of mandamus against Thomas as District Judge.

*Newton & Ward,* for relator.—The power of removal of an elective or appointed officer whose tenure of office is fixed by the Constitution or the law is a special authority and must be strictly pursued. Meecham on Public Officers, sec. 542; Ex parte King, 35 Texas, 666; Davis v. State, 35 Texas, 125; Gordon v. State, 43 Texas, 330; Trigg v. State, 49 Texas, 672; Commonwealth v. Slifer, 25 Pa. St., 23.

Where the tenure of office is fixed by the Constitution or the law, the officer can be removed only for cause and after due notice to the officer and after giving him an opportunity to be heard in his defense.    Sec. 24, art. 5, Constitution; 23 Am. & Eng. Ency. Law, 438; Meecham on Public Officers, sec. 454; Flatan v. State, 56 Texas, 103; Ex parte King, 35 Texas, 665-666; Gordon v. State, 43 Texas, 336; Trigg v. State, 49 Texas, 672; Steinbach v. City of Galveston, 41 S. W. Rep., 823-824; Lease v. Freeborn, 35 Pac., 817; State v. Sheppard, 91 S. W. Rep., 481; City of Boonville v. Ormrod, 26 Mo., 193; Black Int. Laws, sec. 46.

It seems to be established by the authorities beyond controversy that a removal or suspension from office can never be effective until notice of such removal or suspension has been officially given to the officer, and that until such notice is conveyed to the officer his acts as such officer are valid and can not be questioned.    Meecham on

Public Officers, sec. 460; 23 Am. & Eng. Ency. Law, 452; Commonwealth v. Slifer, 64 Am. Dec., 682; State v. Walbridge, 41 Am. St. Rep., 670.

The law providing for the removal of county officers contemplates a speedy trial at the earliest practicable moment, and such trial can be had in vacation. Upon this point see Flatan v. State, 56 Texas, 107; State v. Box, 34 Texas Civ. App., 440. If this trial can not be had in vacation, and if relator's suspension be effective, then the anomalous condition is presented that this relator, in an ex parte proceeding, without any opportunity of being heard in his defense, has been arbitrarily ousted from an office to which he has been elected by the people, and will be kept out of office without any opportunity of being heard in his defense for a period of six months. The Constitution having prescribed the manner and mode and means by which an officer can be ousted from his office, the Legislature is without power to provide any other means or mode of ousting an officer. Sec. 24, art. 5, Constitution; art. 3550, Rev. Stats.; Cooley's Const. Lim., 87; Cooley's Const. Lim. (4th ed.), p. 78; Ex parte Brown, 38 Texas Crim. App., 304; Holly v. State, 14 Texas Crim. App., 511; Ex parte Massey, 15 Texas Ct. Rep., 706.

Section 8 of article 5 of the Constitution prescribes the powers and jurisdiction of the District Courts. By a long line of decisions it has been established that the Legislature is without authority to add to or take from the District Courts the jurisdiction or power thus confided to them by the Constitution. On this point see Ex parte Towles, 48 Texas, 413; Ex parte Whitlow, 59 Texas, 273; Gibson v. Templeton, 62 Texas, 556; Odell v. Wharton, 87 Texas, 173.

*Geo. M. Thurmond,* District Attorney, and *Walter Gillis,* for respondent.—After a sworn petition stating sufficient grounds for the removal of a county judge from office for official misconduct has been filed and presented to the proper district judge, and a citation and a certified copy of the petition has been ordered to be issued and served upon the defendant as provided in art. 4535, Rev. Stats., the defendant may be temporarily suspended from office and some one else appointed temporarily to discharge the duties of the office by such district judge, pending the final trial of such petition for removal. Such district judge may, in the exercise of his discretion, act upon the sworn petition alone. Rev. Stats. ch. 2, title LXXIV, p. 694; and especially arts. 3543 to 3550; Poe v. State, 72 Texas, 625; 23 Am. & Eng. Ency. of Law (2d ed.), 451, and cases there cited.

A sworn petition stating sufficient grounds for the removal of a county judge from office on acount of official misconduct having been filed and presented to the proper district judge, such judge, on the written application of the relators in the petition may, without waiting for the issuance or service of citation and copy, and without notice to the defendant, and without a hearing or trial upon the merits, temporarily suspend the defendant from office and appoint for the time being some other person to discharge the duties of such office. Rev. Stats., art. 1905, Chap. 2, Title LXXIV, p. 694, and especially arts. 3545 and 3550; Poe v. State, 72 Texas, 625;

State v. Johnson, 30 Fla., 433; State v. Meeker, 19 Neb., 444; State v. Richmond, 29 La. Ann., 706; 23 Am. & Eng. Ency. of Law (2d ed.), p. 451, and cases there cited.

Mr. Justice Williams delivered the opinion of the court.

Relator has applied to this court for a writ of mandamus to compel the respondent, who is judge of the Sixty-third Judicial District, to vacate an order made by him temporarily suspending relator from his office of county judge of Val Verde County, pending the hearing of a petition for the removal of relator from his office; and relator also asks that if he be not entitled to such relief that respondent be ordered to give him a speedy trial upon such petition. The petition for the removal of relator, as to the sufficiency of which no question is made, was presented to the respondent on the 15th day of June, 1907, whereupon he made his order for the issuance of citation to the relator to appear on the first day of the next term of the court, November 25, 1907; and also made a further order suspending relator from his office until final trial should be had and appointing Henry I. Moore, Esq., to discharge, in the meantime, the duties of county judge. No notice was given to respondent before the order of suspension was made. This statement is sufficient to raise the questions discussed, since the proceedings for removal conform to the provisions of the statute regulating the removal of county officers. Chapter two, title LXXIV of the Revised Statutes.

The application for mandamus was presented to some of the justices of this court in vacation and they were asked then to issue the mandamus under the authority of article 946, Revised Statutes, but were of the opinion that the Legislature was empowered by section 3 of article V of the Constitution to confer such original jurisdiction upon the court, only, and not upon the judges thereof. The cause was therefore set down for a hearing in term time, and was submitted on the first day of this term.

The chief contention of counsel for relator is that article 3550 of the Revised Statutes, which attempts to empower the district judge to suspend temporarily an officer for whose removal a petition has been presented to him, is unconstitutional and void. The argument, in the main, is based upon sections 15, 24 and 28 of article V of the Constitution which fix the term of the office of county judge at two years, and provide for the removal of such officer by the district judge for given causes established by the verdict of a jury, and for the filling of vacancies therein by the Commissioners Court. It is contended that right to the office is thus secured by the Constitution and that it can only be taken away, either temporarily or permanently, by removal of the incumbent by the district judge, for causes set forth in writing and found by a jury to be true as prescribed by section 24.

It is well established by the authorities that under a Constitution like this there is no power in the Legislature to authorize a removal so provided for otherwise than in the prescribed mode, and if a temporary suspension of the officer, during the pendency

of valid proceedings to remove and as an incident of such proceedings were equivalent to a removal, the argument would be complete. We thus state the character of the suspension as temporary and incidental to the trial of a legal and valid proceeding to remove because that is all that exists in this case, as well as for the reason that we do not doubt that there might be attempts at suspensions as well as at removals that would violate the Constitution. (Lowe v. Commonwealth, 3 Metc. (Ky.), 237; Gregory v. Mayor, etc., 113 N. Y., 416.) Regarding a suspension of the character in question we find a number of decisions in point, all holding that it is within the power of the Legislature to authorize it, although the Constitution has in express terms given power only to remove for cause and upon a hearing. Among them is Poe v. The State, 72 Texas, 625, in which the opinion discusses the very question now raised, as follows:

"It is unquestionably true that the Constitution does not allow the Legislature to confer upon the district judges authority to appoint a sheriff to fill a vacancy. It is equally true that it does not allow the Legislature to give him the power to remove one and thus create a vacancy without the verdict of a jury.

"The suspension of an officer may be inconvenient and may even prove to be a great wrong to him. While the suspension is by the terms of the law only a temporary deprivation of the office, it in every case may be what it in effect was in this, a permanent deprivation of the office. Still a suspension is in no proper sense the same thing as a removal. We are not at liberty by construction or otherwise to hold that the provisions of the Constitution with regard to removals apply equally to suspensions from office.

"The Legislature finding the power to suspend undefined by the Constitution has regulated its exercise with due regard to the rights of the office holder. The act while allowing an appeal authorizes it to be returned to the next term of the Supreme Court, wherever it may be in session, and to have there precedence of the ordinary business, and requires it to be decided with all convenient dispatch. The mandate of this court is required to be issued, unless there be cause to the contrary, within five days after the judgment is rendered. The law through the instrumentality of a bond to the suspended officer undertakes to preserve him from pecuniary loss if it shall be ascertained by the verdict of a jury that the alleged causes for his removal are insufficient or untrue. The public interests as well as those of the office holders are to be regarded. The law does not compel the district judges to suspend the officer, but entrusts them with the discretion to do it, as it in like manner trusts to their discretion in many other matters equally important. The safety of the public and every citizen is found in the judicious exercise of that discretion."

In that case there had been a suspension, upon proceedings like those adopted in this case, and a subsequent trial and judgment of removal, and the appeal before the court was from the latter. We do not see that the question of the validity of the suspension was properly involved in the appeal from the judgment of removal, since

the correctness of that judgment could hardly have depended upon the validity or invalidity of the suspension, and, for this reason, we have given the question the reconsideration demanded by its gravity and importance.

The appellant in the Poe case did, however, raise the question and the court treated it as up for decision and decided it. We, therefore, give to the opinion the respect to which it is entitled, not only because of the ability of the judges who participated in it, but because of the clear and weighty reasoning by which the conclusion is sustained. We find no decision upon the precise point which conflicts with it, but several that agree, not only with the conclusion adopted, but, substantially, with the reasoning advanced to sustain it.

In State v. Peterson, 50 Minn., 244, the court, in passing upon the validity of such a suspension under a constitution which gave the Legislature power to provide for the *removal* of officers for malfeasance or nonfeasance in the performance of their duties, and a statute which allowed suspension pending the proceeding to remove, said:

"But, says respondent, authority to provide for the removal does not carry with it the power to provide for the suspension of an officer. Whether the power to suspend is included generally in the power to remove, so that the former may be exercised independently of the latter, we need not consider. But we are very clear that the power of temporary suspension. so far as necessary and ancillary to the power to remove, is included in the latter. This is under the familiar doctrine of implication, that, where a Constitution gives a general power or enjoins a duty, it also gives by implication every particular power necessary for the exercise of the one or the performance of the other. Cooley Const. Lim., 78.

"As is well said in State v. Police Com'rs, 16 Mo. App., 50, 'The suspension of an officer pending his trial for misconduct, so far as to tie his hands for the time being, seems to be universally accepted as a fair, salutary, and often necessary incident to the situation. His retention at such a time of all the advantages and opportunities afforded by official position may enable and encourage him, not only to persist in the rebellious practices complained of, but also to seriously embarrass his triers in their approaches to the end of justice.' These considerations have especial force as applied to officers intrusted with public moneys. The running of the governmental machinery is so intimately connected with and dependent upon the public treasury that, unless summary power and a speedy remedy be lodged somewhere, great danger to the public may ensue.

"The safety of the State, which is the highest law, imperatively requires the suspension, pending his trial, of a public officer—especially a custodian of public funds—charged with malfeasance or nonfeasance in office. Suspension does not remove the officer, but merely prevents him, for the time being, from performing the functions of his office; and from the very necessities of the case must precede a trial or hearing. Such temporary suspension with-

out previous hearing is fully in accordance with the analogies of the law. It is a constitutional principle that no person shall be deprived of his liberty or property except by due process of law, which includes notice and a hearing, yet it was never claimed that in criminal procedure a person could not be arrested and deprived of his liberty until a trial could reasonably be had, or that in civil actions ex parte and temporary injunctions might not be issued and retained in proper cases, until a trial could be had, and the rights of the parties determined. We have no doubt, therefore, of the authority of the Legislature to vest the governor with power to temporarily suspend a county treasurer pending the investigation of the charges against him, of official misconduct."

The same doctrine was afterwards announced by the same court in the case of State v. Megaarden. 85 Minn., 41. The case of Allen v. State, 32 Ark., 241, also, is directly in point, and the decision in the case of State v. Lingo 26 Mo., 496, in principle, sustains the holding in Poe v. The State. Other authorities touching the question, but not conflicting with the doctrine of the Poe case, are the first cited above, and Bringgold v. Spokane, 27 Wash., 202.

Admitting that the question is a debatable one, we can not say that the statute in question is so clearly opposed to the Constitution as to justify us in disregarding it. But it is urged that, if this provision be valid, still notice and a hearing should be required before a suspension may be made. It is conceded that the statute does not, in terms, require notice, but it is insisted that it is essential to that due process of law without which no one may be deprived of his property, and that the requirement of it should therefore be read into the law. But such a requirement would be inconsistent with the terms of the statute, which prescribes the only notice to be given, that of the final hearing, and authorizes the suspension at any time after the order therefor has been made. To hold that notice and a hearing were necessary before suspension would render the power futile. To the contention that suspension without notice is a deprivation of property without due process, the answer is that such property right in an office as the holder has is qualified by all pre-existing valid laws which provide for its suspension or termination, and, hence, the application of remedies so provided for does not unduly deprive him of any property. Trigg v. The State, 49 Texas, 645.

Whether the suspension of the relator's functions took effect at once upon the making of the order, or, as contended by him, only when he received notice of it, is a question which can not affect this proceeding to vacate the order. It is equally valid whether it operated from one time or the other.

The importance which the prayer that respondent be compelled to fix the hearing of the charges at an earlier date than that specified in his order would have assumed had we been able to act upon the application when presented in vacation, no longer exists, since no order we might make at this late day would very materially hasten the trial. We therefore deem it unnecessary to pass upon the questions whether or not the petition to remove could and should have

been heard in vacation, and whether or not the discretion of the district judge in fixing the time for the hearing can in any case be controlled by mandamus from this court.

*Writ refused.*