**WALKER et al. v. WALTER et al.**
**(No. 10083.)**

(Court of Civil Appeals of Texas. Fort Worth. March 18, 1922. Rehearing Denied April 15, 1922.)

1. Schools and school districts ⬥≈53(5) — Trustees of districts held county officers removable for cause by court.

Trustees of districts in a county are county officers, and their removal on account of incompetency, official misconduct, etc., is provided for in Const. art. 5, § 24. Such removal may be had by judges of the district court on cause therefor being set forth in writing and the finding of its truth by a jury.

2. Schools and school districts ⬥≈53(5)—Petition to remove district trustees properly addressed to district court notwithstanding statute providing for appeals.

Where plaintiffs pleaded that they had lived six months in the county prior to filing petition for removal of trustees of a school district and were not under indictment, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6041, they were not precluded from seeking redress in the district court by reason of Acts 34th Leg. (1915) c. 36, § 10 (Vernon's Ann. Civ. St. Supp. 1918, art. 2749h), providing for appeals from decisions of the county superintendent to county trustees and further appeals to the state superintendent and state board; that court being authorized to hear the petition and grant relief.

**3. Counties** ⊗⇒67—**District court may temporarily suspend county officers and appoint substitutes.**

District court has right to temporarily suspend county officer and to appoint another to discharge the duties of his office, though Const. art. 5, § 24, provides that cause for removal must be set forth in writing and the finding of its truth by a jury.

**4. Schools and school districts** ⊗⇒53(5)—**Substitutes must be appointed and they must execute bond to indemnify trustees temporarily suspended by court.**

In order for a district judge to temporarily suspend trustees of a district, against whom a suit of ouster has been brought, he must pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 6049, appoint others to discharge their duties and require them to execute a bond on such conditions as the judge may see fit to impose to pay the persons suspended all damages and costs they may sustain by reason thereof should it appear that the causes of removal were insufficient or untrue.

**5. Schools and school districts** ⊗⇒53(5)—**Injunction held tantamount to suspension of district trustees from office.**

Where district trustees were enjoined from appointing or contracting for teachers or from appointing or electing any other trustee or trustees or from expending any funds belonging to the district *held* tantamount to a suspension from office.

**6. Injunction** ⊗⇒88—**Proper remedy to prevent illegal expenditure of funds by school district trustees.**

Injunction is the proper remedy to prevent the illegal appropriation of public funds.

**7. Injunction** ⊗⇒136(2)—**Temporary injunction against paying public funds held authorized.**

Granting a temporary injunction restraining school district trustees· from expending funds belonging to the district for defense of a suit to restrain them from alleged illegal acts *held* within authority of the district court.

**8. Injunction** ⊗⇒81—**Enjoining school trustees from electing to fill vacancies held error.**

· Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2891, in a suit to enjoin school district trustees from doing certain alleged illegal acts, the enjoining of the trustees from electing a trustee or trustees in case of a vacancy was error.

Dunklin, **J.**, dissenting in part.

On Motion for Rehearing.

**9. Courts** ⊗⇒247(6) — **Court of Civil Appeals not required to certify to Supreme Court any cause if its decree final.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1620, providing that in case of a dissent as to any conclusion of law involved material to decision of the case that the Court of Civil Appeals shall certify the question upon which the dissent is based to the Supreme Court, the Court of Civil Appeals is not required to certify in any case in which its decision is final.

**10. Courts** ⊗⇒247(6)—**Decision of Court of Civil Appeals held final.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1591, § 6, providing that judgments of the Court of Civil Appeals are made final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law, *held* that the decision of the Court of Civil Appeals in a suit determining the jurisdiction of the district court in issuing a temporary injunction against school district trustees, restraining them from making an appropriation out of the school district funds to pay the cost of the suit, was final, and not subject to certification to the Supreme Court.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by W. C. Walker and others against A. S. Walter and others. From an order overruling defendants' motion to dissolve an injunction, they appeal. Reformed and affirmed.

Graves & Houtchens, of Fort Worth, for appellants.

Mays & Mays, of Fort Worth, and F. M. Cheaney, for appellees.

BUCK, J. A. S. Walter and a number of other patrons and citizens of the Rosen Heights Independent School District, of Tarrant county, filed suit against W. C. Walker, J. H. Rice, Jr., Samuel ·Throckmorton, L. W. Hale, and J. M. McGregor, trustees of the school district aforesaid, alleging that said trustees had been guilty of various acts of official misconduct and incompetency, and seeking to have said trustees removed from office by the district court. The suit was brought in the name of the state of Texas by relator Walter and others. The petition alleged that irreparable injury would result to relators and said school and all of its patrons and pupils if said trustees were permitted to longer remain in office, and prayed that pending final hearing upon the application that said trustees be suspended from office. Plaintiffs alleged that, if said trustees were permitted to remain in office pending the final hearing, they would use the school funds to defend this action, or would resign and appoint other trustees, and would employ teachers who(were incompetent and undesirable to the patrons of said school for the willful purpose of vexing, harassing, and imposing upon the said patrons of the school.

The court permitted the parties named as plaintiffs to further prosecute said suit, in the name of the state, and a temporary injunction was granted, enjoining the defendants from appointing, electing, or contracting with any teacher or teachers for said school, or from appointing, electing, or selecting any other trustee or trustees, and from expending any money or funds belong-

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing to said school district to defend this cause. Defendants answered by a general demurrer, a general denial, and specially denied the allegations of official misconduct and incompetency made by plaintiffs. They prayed that the injunction theretofore granted be dissolved, and from a judgment and order overruling said motion the defendants have appealed.

In the defendants' answer and motion, they alleged that the controversy between the plaintiffs and the trustees arose by reason of the board of trustees discharging the principal of the school. They alleged that said principal had been guilty of misconduct with some of the lady teachers, and had attempted to slander two members of the board of trustees, and that a hearing was had before the board, and that the principal was discharged, that said principal was not satisfied with the action of the board of trustees, and appealed his case to the county superintendent of Tarrant county; that before a hearing was had before said county superintendent the board of trustees and the principal entered into an agreement to submit the cause to the arbitration of the board of trustees of the county and the county superintendent; that all parties agreed to abide by the decision of said board; that subsequently the hearing was had before the county board of trustees and the county superintendent, and that said board unanimously voted to uphold the decision of the defendants; that thereupon certain named plaintiffs entered into a conspiracy to oust the present board of trustees and particularly the defendants, and had a number of meetings in the schoolhouse of said district, and did stir up strife and dissension among the patrons of said district, and charged that the principal had been deprived of an open hearing in the trial of his case before the county board; while the principal and his coconspirators well knew that it had been agreed not to have a public hearing before said board, for the reason that it was thought that the evidence to be introduced upon the trial before said county board would reflect on said principal, and would be hurtful to the best interests of the school. Other allegations were made seeking to justify the action of the defendants and the board of the school district in their action in discharging the principal. The answer was sworn to by two of the defendants.

It is urged by the appellants that, in the event said principal and the relators in this suit were not satisfied with the action of the county superintendent in failing or refusing to sustain or to reverse the action of the district board of trustees, their only right of appeal was to appeal to the county board of trustees, and in the event they were not satisfied with the decision of said county board of trustees they could appeal to the State Superintendent of Public Instruction, and in the event they were dissatisfied with the decision of the State Superintendent they could appeal to the State Board of Education.

Article 2749h, Vernons' T. Civ. Statutes, 1918 Supplement, being a part of the Acts of the Thirty-Fourth Legislature, provides:

"All appeals from decisions of the county superintendent of public instruction shall lie to the county school trustees and from the said county school trustees to the State Superintendent of Public Instruction, and thence to the State Board of Education."

In the case of Jennings, County Judge, v. Carson, 220 S. W. 1090, the Commission of Appeals held that this act controlled the right of appeal from the action of the board of school trustees of the county in refusing to create another district. It was so held in spite of a provision in the act, being section 4a, page 71, of the Acts of the Thirty-Fourth Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 2749d) providing that:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

In the course of the opinion, the Commission of Appeals cited and quoted from the decision of this court in the case of Clark v. Hallam (Tex. Civ. App.) 187 S. W. 964, in which we held that appeals may be had direct to the district court in the matter of consolidating, creating, changing, or modifying school districts, but the Commission of Appeals held that the act did not contain any exception justifying an appeal direct to the district court without first prosecuting an appeal to the State Superintendent of Public Instruction from a decision of the county trustees and thence to the State Board of Education. In the case of Nance v. Johnson, 84 Tex. 401, 19 S. W. 559, it was held that the taxpayers and patrons of a school district were not entitled to an injunction by the district court restraining the payment of any part of the school fund to a teacher without first resorting to the procedure provided by the law for an appeal to the State Superintendent of Public Instruction and the State Board of Public Education from a decision of subordinate school officers. But article 5, § 24, of the state Constitution provides that:

"County judges * * * and other county officers, may be removed by the judges of the district courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

[1] In Hendricks v. State ex rel. Eckford, 20 Tex. Civ. App. 178, 49 S. W. 705, the Court of Civil Appeals of the First District held that trustees of school districts in a county were county officers, and that their

removal from office on account of incompetency, official misconduct, etc., was provided for in this article and section of the Constitution.

In Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120, our Supreme Court held that the trustees of independent school districts were county officers.

In Trigg v. State, 49 Tex. 645, it was held that legislative action was not necessary to render operative this provision of the Constitution.

[2] Article 6041, V. S. T. Civ. Statutes, provides that the proceedings for the removal of a county officer may be commenced, either in term time or vacation, by first filing a petition in the district court of the county where the officer resides, by a citizen of the state who has resided for six months in said county where he proposes to file such petition, and who is not himself at the time under indictment in said county. See State ex rel. Russell v. Box, 34 Tex. Civ. App. 435, 78 S. W. 982; Palacios v. Corbett (Tex. Civ. App.) 172 S. W. 777. And such proceedings may be brought in the name of the state. Eberstadt v. State, 92 Tex. 94, 45 S. W. 1007. It is held in Bland v. State (Tex. Civ. App.) 38 S. W. 252, that the disqualification to institute a suit is in the nature of a disability of a party plaintiff, and must be pleaded when it does not appear on the face of the petition. The plaintiffs in this case pleaded that they had lived six months in Tarrant county prior to the filing of the petition, and that none of them were under indictment in this county or in any other county of the state. Therefore we conclude that the relators were not precluded from seeking redress in the district court by reason of section 10, chapter 36, of the Acts of the Thirty-Fourth Legislature, aforementioned. They filed their petition in a court constitutionally authorized to hear it and grant relief. In this respect the instant case differs from the cases of Carson v. Taylor and Nance v. Johnson, supra, and the other cases relied on by appellants.

[3, 4] Not only does the district court have jurisdiction to hear and determine a cause seeking for the removal of a county officer, but he has the right to suspend temporarily such officer, and to appoint for the time being another to discharge the duties of the office. Griner v. Thomas, 101 Tex. 36, 104 S. W. 1058, 16 Ann. Cas. 944; Poe v. State, 72 Tex. 625, 10 S. W. 737. And this authority to temporarily suspend an officer does not invalidate the provision of Const. art. 5, § 24, providing that the cause for removal must be "set forth in writing and the finding of its truth by a jury." Griner v. Thomas, supra. But in order for the district judge to temporarily suspend an officer, against whom a suit of ouster has been brought, he must appoint another person to discharge the duties of the office, and require such other person to execute a bond with two good and sufficient sureties on such conditions as the judge may see fit to impose, to pay the person so suspended from office all damages and costs that he may sustain by reason of such suspension from office in case it should appear that the cause or causes are insufficient or untrue. Article 6049, V. S. Tex. Civ. Statutes. This in the instant case the trial court did not do. But it is urged that he did not suspend the defendants from office, but merely enjoined them from performing certain of their duties, and that article 6049 does not apply.

[5] The defendants were enjoined from "appointing, electing or contracting for any teacher or teachers in or for said named school, or from appointing, electing or selecting any other trustee or trustees, and from expending any money or funds belonging to said school or school district, to defend this cause, until further ordered by this court." The election of teachers, when necessary, is certainly an important part of the duties imposed by the law upon the trustees. In 14 R. C. L. p. 374, § 76, it is said:

"It is a general rule that a court of equity has no jurisdiction in matters of a political nature, and that no injunction to protect a person in the enjoyment of a political right or to assist him in acquiring such a right will be granted. No such jurisdiction has ever been conceded to a chancery court, either by the English or American judiciary. Although the political rights of a citizen are as sacred as are his rights to personal liberty and property, yet he must go into a court of law for them. To assume jurisdiction to control the exercise of political powers, or to protect the purely political rights of individuals, would be to invade the domain of the other departments of government, or of courts of common law. In line with this principle courts of equity have uniformly refused to interfere by injunction in controversies relating to public office. Thus, such right as a person may have to hold a public office is not a property right which equity will enforce, although he may have a right in the emoluments of his office which he may enforce in an action at law to recover the same, nor, on the other hand, will it interfere by injunction to prevent a person from entering on the duties of a public office."

We think the public and citizens generally are vitally interested in the performance by officers of the official duties, and that to fetter the hands of such officers by enjoining them from performing important general duties, such as the election of necessary teachers, is tantamount to a suspension from office. If the trustees are not permitted to elect teachers to fill vacancies, and no provision is made for such election, certainly the patrons of the school, and especially the children, may be deprived of the benefits of the school through no fault of theirs.

[6, 7] It is held that an injunction is a proper remedy to prevent the illegal appropriation of public funds (22 Cyc. § 8, subd. "f," p. 895), and the majority, Justice DUNK-

LIN dissenting, are inclined to hold that the trial court did not exceed its authority in granting the temporary injunction in this respect.

[8] We have all concluded that the trial court erred in enjoining the defendants from electing a trustee or trustees, in case of a vacancy. In case vacancies should occur, by death or resignation, so that the board of trustees would be reduced to less than a majority of the number provided by law, the remaining trustees could not conduct the affairs of the school district. Article 2891, V. S. Tex. Civ. Statutes. If this should occur, the school interests might be jeopardized. Hence we hereby reform the judgment, so as to continue the temporary injunction to prohibit the paying out of the school funds for any of the expenses of this litigation, but otherwise the injunction granted by the court below is dissolved.

Since appellants have prevailed in part, and appellees have prevailed in part, in this court, the same majority deem it proper that the costs of appeal be adjudged one-half against the appellants and one-half against the appellees; and it is so ordered.

Reformed and affirmed.

DUNKLIN, J., dissenting in part.

On Motion for Rehearing.

BUCK, J. The appellants have filed a motion for rehearing, which we have carefully considered, and concluded that the same should be overruled. Because of the dissent in the original opinion of Associate Justice DUNKLIN upon the question of whether the trial court erred in issuing the temporary injunction against the appellants restraining them from making an appropriation out of the school district funds to pay the costs of this suit, the appellants ask that the question be certified to the Supreme Court.

[9, 10] Under article 1620, V. S. Tex. Civ. Statutes, providing that in case of a dissent as to any conclusion of law involved material to the decision of the case, the Court of Civil Appeals shall certify the question upon which the dissent is based to the Supreme Court, it is held that the Court of Civil Appeals is not required to certify in any case in which its decision is final. Kidd v. Rainey, 95 Tex. 556, 68 S. W. 507. Under article 1591 of the Civil Statutes, section 6, the judgments of the Courts of Civil Appeals are made final "in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law." Hence our judgment in this case is final, and our experience in certifying cases to the Supreme Court is that it is often several years before they are answered. Such delay in the instant case would destroy any real value to the litigants which our opinion and judgment would otherwise give. Therefore we overrule the motion for rehearing and to certify.

Associate Justice DUNKLIN dissents, as before, but concurs in the conclusion on the question to certify.