**McDANIEL, Sheriff, v. PHILLIPS, Judge.**
**(No. 3558.)**

Court of Civil Appeals of Texas. Texarkana.
Feb. 4, 1928.

1. **Sheriffs and constables ⬡⟩6—District judge may suspend sheriff after judgment of removal and before appeal therefrom is perfected (Rev. St. 1925, art. 5982).**

Under Rev. St. 1925, art. 5982, in proceeding to remove sheriff from office, district judge, after judgment of removal, may suspend defendant pending appeal before appeal has been perfected, though notice of appeal has been given.

2. **Sheriffs and constables ⬡⟩6—Execution of appeal bond does not suspend judgment removing officer from office and order of suspension (Rev. St. 1925, art. 5982).**

Under Rev. St. 1925, art. 5982, authorizing district judge to suspend officer against whom removal proceedings are brought, execution of appeal bond does not suspend judgment removing officer from office and order of suspension.

Original application by Ira McDaniel, Sheriff of Delta County, for an injunction restraining Newman Phillips, Judge of the Sixty-Second Judicial District, from interfering with the petitioner in exercising the functions of his office. Injunction refused.

J. A. Dial, of Sulphur Springs, and C. C. McKinney, of Cooper, for relator.

Ben D. Clower, of Cooper, and L. L. James, of Greenville, for respondent.

HODGES, J. [1] This is an original application for a writ of injunction restraining the respondent, Phillips, district judge, from interfering with the petitioner, the sheriff of Delta county, in the exercise of the functions of his office.

The record shows that at the last general election the petitioner, McDaniel, was elected sheriff of Delta county. In October, 1927, a petition was presented asking for his removal from office on the grounds of official misconduct. Citation was issued on the order of Hon. Newman Phillips, judge of the Sixty-Second judicial district, but no order of suspension from office was then made. Subsequently, upon an application for a change of venue, the case was transferred to Hunt county. A trial on January 18, 1928, resulted in a judgment removing the petitioner from office. A motion for a new trial was overruled, and notice of appeal given. After notice of appeal was given, but before an appeal bond was approved and filed by the district clerk, the respondent, as district judge, made an order suspending the petitioner from office pending the appeal. While the appeal bond was filed on the same day the order of suspension was made, the two occurred in the order above stated.

The application for the injunction is based upon the ground that at the time the order of suspension was made the jurisdiction of this court had attached and the respondent had no power to make such an order. Article 5982 of the Revised Civil Statutes 1925, provides:

"At any time after the issuance of the order for the citation, as herein provided, the district judge may, if he sees fit, suspend temporarily from office, the officer against whom the petition is filed, and appoint for the time being some other person to discharge the duties of the office; but in no case shall such suspension take place until after the person so appointed shall execute a bond in such sum as the judge may name, with at least two good and sufficient sureties, and on such conditions as the judge may see fit to impose, to pay the person so suspended from office, all damages and costs," etc.

The language of the statute is broad, and it is somewhat significant that it uses the term "district judge," instead of "court," in lodging the power of suspension. When the purpose for which that power of suspension is given and the measures provided for the protection of the suspended official are considered, it would be unwise in appellate courts to restrict the power of suspension to less than what the statute fairly implies. If it may be considered proper to exercise such power upon a mere charge of official misconduct, certainly it might be considered more so after the charges have been found by a jury to be true. We think it may be said that as long as the trial court's jurisdiction over the case continued the power of suspension remained in the district judge, notwithstanding the judgment of removal had been rendered. It is not necessary in this case to decide whether or not that power continued after the appeal had been perfected, since the record before us shows that the appeal had not in fact been perfected at the time the order in this case was made.

[2] Our attention has been called to the following cases: Poe v. State, 72 Tex. 625, 10 S. W. 737; Griner v. Thomas, 101 Tex. 36, 104 S. W. 1058, 16 Ann. Cas. 944; McDowell, District Judge, v. Hightower et al., 111 Tex. 585, 242 S. W. 753. The first case referred to above is, we think, the only one applicable to the facts of this case; and what is there said sustains the power exercised by respondent. The facts in that case show that the order of suspension was made before the trial of the case on its merits, but that the suspension continued throughout the litigation and until the case was finally decided on appeal. That is an answer to the argument that the execution of an appeal bond suspends the judgment of removal and the order of suspension.

The application for the injunction is refused.

---

⬡⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes