Nathan MANN, M.D., Appellant,

v.

TEXAS STATE BOARD OF MEDICAL
EXAMINERS et al., Appellees.

No. 11395.

Court of Civil Appeals of Texas.

Austin.

May 11, 1966.

Rehearing Denied May 25, 1966.

Foster, Lewis, Langley, Gardner & Hawn, Pat H. Gardner, Emerson Banack, Jr., San Antonio, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, 1st Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. C. Davis, John H. Banks, Asst. Attys. Gen., Austin, for appellees.

HUGHES, Justice.

Appellant, Nathan Mann, M.D., brought suit against The Texas State Board of Medical Examiners and its members for a

writ of mandamus compelling the Board to issue him a renewal license to practice medicine in the State of Texas.

The undisputed facts are:

Dr. Mann was a medical doctor duly licensed to practice medicine in the State of Texas prior to the following events:

On January 21, 1958, the Board entered an order revoking and cancelling Dr. Mann's license to practice medicine in Texas.[1]

On January 28, 1958, Dr. Mann duly and timely filed an appeal from such order of January 21st in the 105th District Court of Nueces County, docketed as Cause No. 63506-D.

On April 14, 1958, the Board filed an answer and cross action in such cause.

On February 18, 1963, the 105th District Court of Nueces County entered the following order in Cause No. 63506-D:

"NATHAN MANN, M. D.

Plaintiff

vs

TEXAS STATE BOARD OF MEDICAL EXAMINERS

Defendant

In the  105  th District Court

of

Nueces County, Texas

On this the  18  day of  February  A.D. 19 63 , came on to be heard the above numbered cause; including cross-action and the plaintiff failing to appear in person or by attorney to prosecute said cause, it is ORDERED, ADJUDGED AND DECREED by the court that said cause including cross-action be and the same is hereby dismissed for want of prosecution at plaintiff's cost, for which execution may issue."

---

1. Art. 4506, Vernon's Ann.Tex.Civ.St. under which the proceedings in this case were conducted provides:
"Art. 4506. [5744] Revocation, cancellation or suspension of license

The Texas State Board of Medical Examiners shall have the right to cancel, revoke, or supend the license of any practitioner of medicine upon proof of the violation of the law in any respect with regard thereto, or for any cause for which the Board shall be authorized to refuse to admit persons to its examination, as provided in Article 4505 of the Revised Civil Statutes of Texas, 1925, as amended.

Proceedings under this Article shall be begun by filing charges with the Texas State Board of Medical Examiners in writing and under oath. Said charges may be made by any person or persons. The President of the Texas State Board of Medical Examiners shall set a time and place for hearing, and shall cause a copy of the charges, together with a notice of the time and place fixed for hearing, to be served on the respondent or his counsel at least ten (10) days prior thereto. When personal service is impossible, or cannot be effected, the Board shall cause to be published once a week for two (2) successive weeks a notice of the hearing in a newspaper published in the county wherein the respondent was last known to practice, and shall mail a copy of the charges and of such notice to the respondent at his last known address. When publication of the notice is necessary, the date of hearing shall not be less than ten (10) days after the date of the last publication of the notice. At said hearing the respondent shall have the right to appear either personally or by counsel, or both, to produce witnesses or evidence in his behalf, to cross-examine witnesses, and to have subpoenas issued by the Board. The Board shall thereupon determine the charges upon their merits. All charges, complaints, notices, orders, records and publications authorized or required by the terms of this Act shall be privileged.

Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, take an appeal to

On January 1, 1964, Dr. Mann tendered and the Board accepted payment of his license renewal fee for the year 1964. Subsequent renewal fees were duly tendered by Dr. Mann but were refused by the Board.

It is our opinion that the writ of mandamus should issue compelling acceptance by the Board of renewal fees tendered by Dr. Mann.

In Scott v. Texas State Board of Medical Examiners, Tex., 384 S.W.2d 686, the Court construed Art. 4506, the same Article under which Dr. Mann filed his appeal, as constitutionally providing for a complete new trial in the District Court, saying:

"In the type of appeal thus required the court tries the issues anew. The burden of proof in sustaining the order is upon the administrative agency. Whether by the court or a jury, fact questions are resolved by a preponderance of the evidence.

\*　　\*　　\*　　\*　　\*　　\*

The trial court therefore correctly ruled that the appeal from the order of revocation of the Board in the case at bar was to be tried de novo in the full sense, with the burden upon the Board to establish its case for revocation of Scott's license by competent evidence before the court."

■ In our opinion, this order of dismissal for want of prosecution had the effect of dismissing the Board's effort to revoke the license of Dr. Mann. Surely, it was not incumbent on Dr. Mann to prosecute himself. The burden was on the Board, under the above authority, to prosecute Dr. Mann if it so desired. Apparently, it did not so desire because it permitted the order of dismissal to go unchallenged.

Dr. Mann could have demanded a trial, but we know of no rule of law which required him to do so or which punishes him for not doing so. If we should hold other than we do then the Board could win its case by failing to prosecute in the same manner and to the same extent as it could win it by a successful prosecution before Court and jury, all the while bearing the burden of proof. We will not innovate such a rule of law.

■ That portion of Art. 4506 which provides that the order revoking a license shall not be suspended except on application to the court to which an appeal is taken does not, in our opinion, alter the law as above stated. Its effect, and only effect, is to keep the order of cancellation in effect pending the appeal except as may be otherwise ordered by the court. This is a temporary measure and continues only until a judgment of the court is rendered, after which the terms of the judgment and other appellate procedures control.

It is not uncommon that a person is deprived of liberty or other privileges pending final determination of charges against him. The arrest and detention of persons pending trial in criminal cases is well known. The temporary suspension of officers against whom removal proceedings have been instituted is provided for in Art. 5982, V.T.C.S.

any of the district courts in the county of his residence, but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board. The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any District Court of the county in which the person whose certificate of registration or license is involved, resides. Upon application, the Board may reissue a license to practice medicine to a person whose license has been cancelled or suspended, but such application, in the case of cancellation or revocation, shall not be made prior to one (1) year after the cancellation or revocation, and shall be made in such manner and form as the Board may require. Acts 1907, p. 224, sec. 12; Acts 1939, 46th Leg. p. 352 § 7; Acts 1953, 53rd Leg. p. 1029, ch. 426 § 7."

See Griner v. Thomas, Dist. Judge, 101 Tex. 36, 104 S.W. 1058, for a discussion of the public policy under which the statutes relating to removal proceedings was held constitutional. Similar public policy would seem to sustain the validity of that portion of Art. 4506 under discussion here for the reason that a doctor found unfit by the Board to practice medicine should not, within the discretion of the court, be permitted to practice pending a judicial trial of the charges against him.

It is to be noted that Art. 4506 provides that the proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court. Under such procedure when a dismissal occurs after perfection of appeal the consequences are as stated in Bender Bros. v. Lockett, 64 Tex. 566:

"The justice's judgment is vacated; and if the plaintiff recovered it, he derives no benefit from that fact in the new trial. He must prove his case, as if he had never proved it before; and he may be dismissed for any cause that would have operated a dismissal had it been commenced in the district [footnote [2]] court. The judgment below being vacated, it is the duty of the plaintiff to prosecute his suit to obtain a new judgment, and, if dismissed, he is out of court as effectually as if his suit had never been commenced in the court below. Hence, when this suit was dismissed the plaintiff had no judgment in the justice's court against the defendant, and the district court could not, by any order, call into life again the one which had ceased to exist by reason of the appeal."

■ We cannot attribute to the stay provisions of Art. 4506 the effect of adopting a rule of law just opposite to the rule above stated. The most that such stay provisions could accomplish in this respect is to make the statute ambiguous, in which event, since

proceedings under this statute are penal in nature, we would strictly construe the statute in favor of the accused, as we have done. Texas State Medical Examiners v. McClellan, Tex.Civ.App., 307 S.W.2d 317, Houston, writ ref., n. r. e.

A writ of mandamus will issue in accordance with the prayer of Dr. Mann.

Reversed and rendered.

PHILLIPS, Justice (dissenting).

I respectfully dissent.

Article 4506 states that "Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, *take an appeal* to any of the district courts in the county of his residence, but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board." (Emphasis added.)

Thus, the burden of appealing and/or staying the order of the Board is upon the one appealing therefrom. After the dismissal of the appeal, the Board's order remained in effect. There was no trial de novo.

Article 4506 further states that an order of cancellation by the Board can be set aside only in an appeal to any District Court in the county of residence of the licensee. Thus under the provisions of Article 4506 mandamus is not an available remedy for setting aside the Board's order of cancellation.

Appellant's suit in Travis County constituted a collateral attack on the final judgment of the District Court of Nueces County which was not appealed from or set aside. Consequently, the District Court of Travis County was not in error in denying the relief sought.

2. See Art. 1638, R.S. 1879.

See Texas State Board of Examiners in Optometry v. Lane, Tex.Civ.App., 337 S.W. 2d 801, error ref.

The record does not disclose why the Board revoked Mann's license. In my opinion, this Court, in effect, is issuing a medical license. We have no such authority.

I would affirm the judgment of the trial court.