

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 9, 1970

Hon. J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas

Opinion No. M-658

Re: Whether trustees of an
Independent School District
have authority to adopt
procedures for recall
elections for members of
such board.

Dear Dr. Edgar:

We are in receipt of your letter requesting an opinion in regard to the above stated question. We quote from your letter as follows:

"The Board of Trustees of an independent school district (Wichita Falls), recently presented with a resolution by local patrons urging the Board to adopt and implement procedures for recall elections for removal of trustee members of such school board, has requested me to submit to the Office of Attorney General for an opinion the following question:

"Does the board of trustees of the Wichita Falls school district have the power, expressed or implied, under common law or the statutes of Texas to adopt a resolution or policy providing procedures to effect petition and recall elections of member(s) of its school board?"

Trustees of independent school districts are considered "county officers" subject to the provisions of Section 24 of Article V of the Texas Constitution. Fowler v. Thomas, 275 S.W. 253 (Tex.Civ.App. 1925, err. dismd.).

Section 24 of Article V is quoted as follows:

"County Judges, County Attorneys, clerks of the District and County Courts, Justices of the Peace, Constables, and other county officers, may be removed by the judges of the district courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." (Emphasis added.)

The above method and the statutes enacted pursuant thereto (Articles 5970, et seq) of removing county officers from office are exclusive. Griver v. Thomas, 101 Tex. 36, 104 S.W. 1058 (1907); State ex rel Downs v. Harvey, 164 S.W.2d 55 (Tex.Civ. App. 1942, err. ref. w.o.m.); Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

In light of the above cited constitutional provision and the cases cited, it is our opinion that the school board has no authority to prescribe a method for removal of individual trustees by recall or otherwise which may be inconsistent with said constitutional provision or statutes.

## S U M M A R Y

The Board of Trustees of the Wichita Falls School District has no authority to adopt a resolution or policy providing for recall elections of its members.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Mitchell Williams
Wardlow Lane
Jerry Roberts
Bob Giddings

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant