

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 17, 1989

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
4900 North Lamar Blvd.
Austin, Texas 78751-2316

Opinion No. JM-1117

Re: What constitutes a quorum of the Texas Council on Disabilities, and related questions (RQ-1789)

Dear Commissioner Arrell:

You ask several questions about the composition of the Council on Disabilities, which is provided for in chapter 132 of the Human Resources Code.

Section 132.002 of the Human Resources Code provides:

(a) The council on disabilities is established and is composed of 23 members.

(b) The governor shall appoint a person to serve as chairperson of the council. In addition, the governor shall appoint one provider, one private citizen, and one disabled person or parent or guardian of a disabled person to serve on the council.

(c) The lieutenant governor shall appoint one senator, one provider, one private citizen, and one disabled person or parent or guardian of a disabled person to serve on the council.

(d) The speaker of the house shall appoint one member of the house of representatives, one provider, one private citizen, and one disabled person or parent or guardian of a disabled person to serve on the council.

(e) The governing board of each of the following agencies shall appoint one person to represent that agency on the council:

(1) the Texas Department of Human Services;

(2) the Texas Department of Mental Health and Mental Retardation;

(3) the Texas Department of Health;

(4) the Central Education Agency;

(5) the Texas Rehabilitation Commission;

(6) the Texas Commission for the Deaf;

(7) the Texas Commission for the Blind;

(8) the Texas Department on Aging;

(9) the Texas Commission on Alcohol and Drug Abuse;[1]

(9) the Texas Employment Commission;[2]

(10) the Texas School for the Deaf; and

(11) the Texas Employment Commission;[3]

(11) the Texas Commission on Alcohol and Drug Abuse.[4]

---

1. This is the text of (9) as amended by Acts 1985, 69th Leg., ch. 264, § 30, at 1239; id. ch. 603, § 24, at 2278; id. ch. 632, § 11, at 2338; id. ch. 793, § 27, at 2711.

2. This is the text of (9) as amended by Acts 1985, 69th Leg., ch. 619, § 18, at 2305.

3. This is the text of (11) as added by Acts 1985, 69th Leg., ch. 603, § 24, at 2778.

4. This is the text of (11) as amended by Acts 1985, 69th Leg., ch. 619, § 18, at 2305; id. ch. 632, § 11, at 2338.

You are concerned that the statement in subsection (a) of section 132.002 that the commission is composed of 23 members is inconsistent with the number of members listed in subsections (b), (c), (d), and (e) of section 132.002. You ask what the number of commission members should be.

The reason it appears that there are more than 23 members is that subsection (e) contains two redundant entries. When section 132.002 was adopted in 1983, subsection (a) stated that the council was composed of 21 members. Subsection (b) provided for four members to be appointed by the governor; subsection (c) provided for four members to be appointed by the lieutenant governor; and subsection (d) provided for four members to be appointed by the speaker of the house. Subsection (e) provided that each of nine named state agencies was to appoint a member. The total number of members listed under subsections (b), (c), (d), and (e) was 21. Acts 1983, 68th Leg., ch. 308, § 1, at 1636.

In 1985 the legislature adopted two different bills that amended subsection (a) to provide that the council was composed of 23 members and added the Texas School for the Deaf and the Texas Employment Commission to the agencies listed in subsection (e). Acts 1985, 69th Leg., ch. 603, § 24, at 2278 [hereinafter chapter 603]; _id._ ch. 619, § 18, at 2305 [hereinafter chapter 619]. Although both bills made the same substantive changes to subsection (e), each one set out the individual entries under subsection (e) in a different order. Chapter 603 listed the School for the Deaf as number (10) and the Texas Employment Commission as number (11). Chapter 619 listed the Texas Employment Commission as number (9) and the School for the Deaf as number (10) and moved the Texas Commission on Alcoholism and Drug Abuse from number (9) to number (11). As a result of the inconsistent numbering in those two bills, the list of agencies in subsection (e) now contains 13 entries. Because the Texas Employment Commission and the Commission on Alcoholism and Drug Abuse are each listed twice, however, only 11 different agencies are named in those 13 entries. Consequently, subsection (a) of section 132.002, which provides that the council shall consist of 23 members, is not inconsistent with subsections (b), (c), (d), and (e) of that section.

You also ask about section 132.004, which provides that a majority of the members of the council constitutes a quorum. You ask whether "the 'majority' relates to the total membership of the council, or only to those members currently appointed." See Gov't Code § 311.013(b). A

quorum is defined in terms of the number of members provided for by law, not by the number actually sitting on a board or council at any one time. <u>Walker v. Walter</u>, 241 S.W. 524, 528 (Tex. Civ. App. - Fort Worth 1922, no writ); Letter Opinion LO-88-45 (1988). Therefore, 12 members of the 23-member board would constitute a quorum.

Finally, you ask about subsection (g) of section 132.002, which provides:

> The governor may designate other agencies to appoint representatives to serve on the council.

You ask whether persons appointed under subsection (g) have the same standing as other members of the board and whether such persons have a right to vote. The plain language of subsection (g) indicates that the additional persons are full-fledged members of the council. It provides that they are to "serve on the council." Subsection (f) refers to the private citizens appointed by the governor, lieutenant governor, and speaker of the house as being appointed to "serve on the council." <u>See id.</u> (b), (c), (d). Consequently, we conclude that persons appointed under subsection (g) serve in the same capacity as persons appointed under subsections (b), (c), (d), and (e).

Subsection (a) of section 132.002, which provides that the council shall consist of 23 members, is inconsistent with subsection (g), which allows the governor to increase the number of members on the council. We think, however, that the statement in subsection (a) that the council consists of 23 members reflects a conventional form for statutes that create boards and committees rather than a legislative intent to set a cap on the number of members of the council. <u>Cf</u>. Hum. Res. Code § 91.011 (Texas Commission for the Blind); <u>id.</u> § 101.001 (Governor's Board on Aging).

### S U M M A R Y

A quorum of the Council on Disabilities is a majority of the number of members provided for by law. Persons appointed to the council under subsection (g) of section

132.002 of the Human Resources Code serve in the same capacity as persons appointed under subsections (b), (c), (d), and (e) of that section.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General